KEEFE, Judge: This reappraisement involves a shipment from France of glassware and other articles. Entry was made at the invoice prices, plus a tax of 3 per centum. Prior to the time that the invoice or the merchandise came under the observation of the appraiser for the purpose of appraisement an amendment to the entry was made and accepted by the customs authorities wherein the importer deducted the 3 per centum tax previously added and added an armament tax of 1 per centum of 101 per centum of the value of the merchandise. As the result of the amendment, the net entered value of 106,774.40 francs was reduced to 104,934.05 francs. In the record of appraisement of the merchandise the appraiser approved the entered values upon the summary sheet filed with the original entry.

At the trial of this case the appraiser testified that in appraising the merchandise it was his intention to approve the values appearing upon the amended entry.

In view of the evidence submitted I find that the value of the merchandise herein is the foreign value thereof as invoiced, plus 1 per centum of 101 per centum armament tax as appearing upon the amended entry. Judgment will be entered accordingly.

## JOHN S. CONNOR ET AL. *v.* UNITED STATES

**No. 5407.**—Invoices dated Lauscha, Germany, August 20, 1935, etc.
Certified September 9, 1935, etc.
Entered at Baltimore, Md., September 21, 1935, etc.
Entry No. 1241, etc.

(Decided September 3, 1941)

*G. W. R. Wallace* (*Barnes, Richardson & Colburn* by *Hadley S. King* of counsel) for the plaintiffs.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, involve the proper dutiable value of certain Christmas-tree ornaments exported from Germany and imported at the port of Baltimore.

The cases have been submitted for decision on a stipulation entered into by and between counsel for the respective parties, wherein it is agreed, in substance, as follows:

(1) That the Christmas-tree ornaments in question were exported from Germany during the period from July, 1935, to October, 1938.

(2) That the instant merchandise is similar in all material respects to that which was the subject of the decision in the case of *F. W. Woolworth Co. et al.* v. *United States* (Reap. Dec. 5094).

(3) That the market conditions existing during the period of exportation of the articles in question were similar, if not identical, to the conditions found to be prevailing in the foreign market as described in the *Woolworth Co.* case, *supra.*

(4) That the record in the *Woolworth Co.* case *supra*, may be incorporated in and made a part of the record in the present cases.

On the agreed facts, as hereinabove set forth, I find that on the dates of exportation of the instant merchandise Christmas-tree ornaments, such as and similar to those involved herein, were freely offered for sale to all purchasers in the principal market of the country of exportation, to wit, the Sonneberg-Lauscha district of Germany, in the usual wholesale quantities and in the ordinary course of trade for consumption in Germany and for exportation to the United States and other countries.

Accordingly, I hold as matter of law:

(1) That the proper dutiable foreign and export values of the Christmas-tree ornaments exported prior to January 1, 1938, are the *per se* unit invoice prices, and

(2) That the proper dutiable foreign and export values of the Christmas-tree ornaments exported subsequent to January 1, 1938, are the *per se* unit invoice prices, plus 3½ per centum social assessments, and

As to all the foregoing, plus, when not included in such *per se* unit invoice prices, the costs of cases and packing and the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, as invoiced, whenever reported as dutiable by the appraiser.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.